**MEMO ENDORSED**

Case 1:23-cv-01440-VEC   Document 17   Filed 02/23/23   Page 1 of 11

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 02/23/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

HAIYAN CHEN, KENYA WATSON, S.O., GERTRUDE CRIBBS, HANA BROOME, and MEI IENG LEE, individually, and on behalf of all similarly situated,

                Plaintiffs,

v.

TOM VILSACK, in his official capacity as Secretary of the U.S. Department of Agriculture (USDA), and CINDY LONG, in her official capacity as Administrator of the USDA Food and Nutrition Service,

                Defendants.

Civ.

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF S.O.'S MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................... 1
STATEMENT OF FACTS ............................................................................................................. 1
    I.   This Court Has the Discretion to Allow a Plaintiff to Proceed Anonymously. .................... 2
    II.  The *Sealed Plaintiff* Factors Strongly Favor a Finding that Plaintiff S.O.'s Motion for Anonymity Should be Granted. ........................................................................................... 3
CONCLUSION……………………………………………………………………………….7

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                        **Page(s)**

*Al Otro Lado, Inc. v. Nielsen*,
  17-cv-02366, 2017 WL 6541446 (S.D. Cal. Dec. 20, 2017) ......................................................3

*Anonymous v. Medco Health Sols., Inc.*,
  588 F. App'x 34, 35 (2d Cir. 2014) ...............................................................................................7

*Doe No. 2 v. Kolko*,
  242 F.R.D. 193 (E.D.N.Y. 2006) ...................................................................................................5

*Doe v. City of New York*,
  1985 WL 4401 (S.D.N.Y. Dec. 10, 1985) .....................................................................................5

*Doe v. Del Rio*,
  241 F.R.D. 154 (S.D.N.Y. 2006) ............................................................................................4, 5, 6

*Doe v. New York City Housing Authority*,
  22-cv-4460, 2022 WL 2072570 (S.D.N.Y. June 9, 2022) ......................................................... 4-5

*Doe v. Shakur*,
  164 F.R.D. 359 (S.D.N.Y. 1996) ...................................................................................................3

*Doe v. Smith*,
  105 F.Supp.2d 40 (E.D.N.Y. 1999) ............................................................................................3, 4

*Doe v. Solera Capital LLC*,
  18-cv-1769, 2019 WL 1437520 (S.D.N.Y. Mar. 31, 2019) .......................................................6, 7

*Doe v. Strategic Partnerships, Inc.*,
  19-cv-695, 2019 WL 13253839 (W.D. Tex. July 30, 2019) .................................................... 3-4

*EW v. New York Blood Ctr.*,
  213 F.R.D. 108 (E.D.N.Y. 2003) ...................................................................................................1

*Moe v. Dinkins*,
  533 F. Supp. 623 (S.D.N.Y. 1981), *aff'd,* 669 F.2d 67 (2d Cir. 1982) ......................................2

*Sealed Plaintiff v. Sealed Defendant*,
  537 F.3d 185 (2d Cir. 2008) ......................................................................................................2, 3

**Other Authorities**

Fed. R. of Civ. Pro. 10(a) ..................................................................................................................1

Plaintiff S.O. respectfully submits this Memorandum of Law in support of her Motion for Leave to Proceed Anonymously.

## INTRODUCTION

This action was brought on behalf of a putative class of New York residents whose Supplemental Nutrition Assistance Program (SNAP) benefits were stolen from them through the use of skimming, a form of electronic theft. Although Plaintiffs were deprived of those benefits through no fault of their own, Defendants have refused to allow the issuance of replacement benefits, claiming that such are barred by 7 C.F.R. § 274.6. That regulation, however, does not conform with Congress's mandate that benefits lost or stolen prior to receipt should be replaced, and thus is arbitrary and capricious and contrary to law in violation of the Administrative Procedure Act. Plaintiff S.O. is a member of the putative class who seeks declaratory and other relief for the wrongs Defendants Tom Vilsack and Cindy Long, acting in their official capacities as Secretary of the U.S. Department of Agriculture (USDA) and Administrator of the USDA Food and Nutrition Service (FNS), respectively, have committed. Allowing S.O., a victim of domestic violence, to proceed anonymously will protect her from the risk of harm from her abusive family member. Moreover, there is no prejudice to Defendants in allowing S.O. to proceed anonymously, nor is there any significant public interest in the disclosure of S.O.'s identity.

## STATEMENT OF FACTS

S.O. is 26 years old and the sole caretaker to a son who is almost two years old. In February 2022, she left her home with her son after an incident of violence involving a family member who had inflicted physical and emotional abuse upon her for many years. At first, she entered the New York City shelter system. After connecting with an organization that helps survivors of family and domestic violence, she eventually found a placement in a shelter run by the same organization in

a confidential location in in New York City. (Declaration of S.O., dated February 21, 2023 (S.O. Declaration) ¶¶ 2-4.)

S.O.'s abuser does not know where she currently is staying. S.O. fears that if her abuser were to learn of her whereabouts, including the court in which the case is pending, then she would be at risk of harm from the abuser. (*Id.* ¶ 6.)

**ARGUMENT**

**I.    THIS COURT HAS THE DISCRETION TO ALLOW A PLAINTIFF TO PROCEED ANONYMOUSLY.**

Although Rule 10(a) of the Federal Rules of Civil Procedure requires the title of a complaint to name all parties, district courts have wide discretion to make exceptions to that mandate. *See, e.g., EW v. New York Blood Ctr.*, 213 F.R.D. 108, 110 (E.D.N.Y. 2003); *Moe v. Dinkins*, 533 F. Supp. 623, 627 (S.D.N.Y. 1981), *aff'd*, 669 F.2d 67 (2d Cir. 1982).

In the Second Circuit, "when determining whether a plaintiff may be allowed to maintain an action under a pseudonym, the plaintiff's interest in anonymity must be balanced against both the public interest in disclosure and any prejudice to the defendant." *Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 189 (2d Cir. 2008). In balancing these interests, the Second Circuit has identified ten non-exhaustive factors courts should consider:

1. whether the litigation involves matters that are highly sensitive and of a personal nature;

2. whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;

3. whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;

4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his or her age;

5. whether the suit is challenging the actions of the government or that of private parties;

6. whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;

7. whether the plaintiff's identity has thus far been kept confidential;

8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

9. whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and

10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.

*Id.* at 189-90 (internal citations, quotations, and alterations omitted). Application of these factors here clearly tips the balance in favor of granting the motion and allowing S.O. to proceed anonymously.

**II.   THE *SEALED PLAINTIFF* FACTORS STRONGLY FAVOR A FINDING THAT PLAINTIFF S.O.'S MOTION FOR ANONYMITY SHOULD BE GRANTED.**

Consideration of the second, fifth, sixth, seventh, eighth, ninth and tenth *Sealed Plaintiff* factors set forth above support Plaintiff S.O.'s application for anonymity. The remaining factors are outweighed by the ones discussed below.

a.   <u>Factor Two is Satisfied Because Plaintiff S.O. Faces Risk of Retaliation.</u>

Identification of S.O. in the court papers poses a risk of retaliation from her abusive family member. "Courts have allowed plaintiffs to proceed anonymously where disclosure of their identities created a risk of harm from third parties unaffiliated with the case." *Doe v. Smith*, 105 F.Supp.2d 40, 45 (E.D.N.Y. 1999) (granting motion to proceed anonymously where plaintiff presented detailed evidence of the psychological and emotional injury she would endure were the court to require her to identify herself); *Doe v. Strategic Partnerships, Inc.*, No. 19-cv-695 2019

3

WL 13253839, at *2 (W.D. Tex. July 30, 2019) ("Plaintiff's [ex-partner]'s harassment and potentially violent behavior, coupled with Plaintiff's abuser's proclivity for finding publicly available information on the internet, would place her at risk of further harassment and potential psychological and physical harm"); *Al Otro Lado, Inc. v. Nielsen*, No. 17-cv-02366, 2017 WL 6541446, at *4 (S.D. Cal. Dec. 20, 2017) (granting motion to proceed anonymously where plaintiffs asserted that they would suffer retaliation from the hands of individuals in their home countries and feared for the safety of their family members); *see also Doe v. Shakur*, 164 F.R.D. 359, 362 (S.D.N.Y. 1996) (stating that "plaintiff's allegation that she has been subjected to death threats would provide a legitimate basis for allowing her to proceed anonymously" but denying the motion because plaintiff had not made such or similar allegations). To warrant anonymity, the possible retaliatory harm need not be physical in nature. *See Doe v. Del Rio,* 241 F.R.D. 154, 158 (S.D.N.Y. 2006). "The risk of injury may be physical or psychological." *Id*.

Here, S.O. seeks to avoid actual physical and emotional harm at the hands of her former abuser. Were her family member to know how to locate S.O. by virtue of the lawsuit, including her borough of residence and presence in court, she alleges that her safety would be at risk. (S.O. Declaration ¶ 6).

      b.    <u>Factor Five is Satisfied Because this Litigation Involves a Challenge to the Actions of the Government.</u>

"[W]here a plaintiff attacks governmental activity, for example a governmental policy or statute, the plaintiff's interest in proceeding anonymously is considered particularly strong. In such circumstances the plaintiff presumably represents a minority interest (and may be subject to stigmatization), and there is arguably a public interest in a vindication of her rights. In addition, the government is viewed as having a less significant interest in protecting its reputation from damaging allegations than the ordinary individual defendant." *Doe v. New York City Housing*

4

*Authority*, No. 22-cv-4460, 2022 WL 2072570, at *2 (S.D.N.Y. June 9, 2022). Factor five thus weighs in favor of granting the motion because this litigation involves a challenge to government action, specifically the legality of a USDA regulation concerning SNAP benefits.

      c.      <u>Factor Six is Satisfied Because Defendants Will Not Be Prejudiced.</u>

Defendants' ability to defend this action will not be impaired by permitting S.O. to proceed anonymously. At the appropriate time, S.O. is willing to disclose identifying information to this Court and the parties to this litigation, subject to the protections of a mutually agreeable confidentiality stipulation and protective order. S.O. will be made available to the defendants for discovery purposes, should such discovery prove necessary. *See Doe v. Smith,* 105 F.Supp.2d at 45 (holding that there was no prejudice to defendant where it retained right to depose any and all witnesses, obtain any and all documents, and had not limited defendant's rights or public access to a trial); *Doe v. City of New York,* 1985 WL 4401 at *1 (S.D.N.Y. Dec. 10, 1985) (finding that defendants' ability to proceed was not prejudiced by allowing plaintiffs to proceed anonymously because the court could permit access to plaintiffs' names for litigation purposes). Thus, "[o]ther than the need to make redactions and take measures not to disclose plaintiff's identity, defendant[s] will not be hampered or inconvenienced merely by Plaintiff's anonymity in court papers." *Doe No. 2 v. Kolko*, 242 F.R.D. 193, 198 (E.D.N.Y. 2006).

      d.      <u>Factor Seven is Satisfied Because Plaintiff S.O.'s Identity Has Thus Far Been Kept Confidential.</u>

"The extent to which the plaintiff's identity has been kept confidential may . . . affect the weight of the privacy interest," because the plaintiff's interest in anonymity throughout the litigation is stronger where he has sought to protect his anonymity prior to the litigation. *Doe v. Del Rio,* 241 F.R.D. at 158. In the instant case, S.O. has kept her identity and location confidential since she fled her abuser, and counsel intends to keep her identity confidential in the future if

permitted by the Court. S.O. has not been in contact with her abuser since she left home in early February 2022, and he does not know where she is residing. (S.O. Declaration ¶ 6).

    e.    <u>Factor Eight Is Satisfied Because There is No Public Interest in Requiring Disclosure.</u>

There is an "atypically weak public interest in knowing the litigants' identities" in class actions. *Doe v. Del Rio,* 241 F.R.D. at 157. That is because, in the class action context, "challenging governmental action, the individual defendant's personal characteristics (such as credibility) are generally not in issue." *Id.*

    f.    <u>Factor Nine Is Satisfied Because of the Purely Legal Nature of the Issues Presented.</u>

Courts have found that "abstract challenges to public policies" that are not purely factual in their nature create an "atypically weak public interest" in disclosure of a plaintiff's identity. *Doe v. Del Rio*, 241 F.R.D. at 159. That is the case here because this action presents a purely legal dispute regarding the validity of Defendants' policies and actions, not a factual question where the public would benefit from the disclosure of S.O.'s identity to "serve the judicial interest in accurate fact-finding and fair adjudication." *Id.* This fact further dilutes any interest the government may have in disclosing S.O.'s identity.

    g.    <u>Factor Ten Is Satisfied Because There Is No Alternative Mechanism for Protecting Plaintiff's Confidentiality.</u>

Courts have found that if a viable alternative to anonymity exists, for example, by sealing and redacting documents, Factor 10 weighs against permitting anonymity. *Doe v. Solera Capital LLC*, No. 18-cv-1769, 2019 WL 1437520, *8 (S.D.N.Y. Mar. 31, 2019) (vacated on unrelated grounds). In *Solera*, for example, this Court found that because the plaintiff had changed her name and her abuser was not aware of the plaintiff's new name, redactions of documents containing her real name was a sufficient alternative to anonymity. *Id.* Other situations where courts have found

that redacting documents is a viable alternative to anonymity include where the plaintiff's sensitive medical information could be easily redacted. *See, e.g.*, *Anonymous v. Medco Health Sols., Inc.*, 588 F. App'x 34, 35 (2d Cir. 2014).

These alternatives would not protect S.O. Unlike in *Solera*, she has not changed her name. Thus, disclosing her real name puts her at risk that her abuser will learn her address and court dates at which she may appear. (S.O. Declaration ¶ 6). Additionally, unlike in *Medco Health*, it would not be possible to simply redact S.O.'s identifying information, since it is her name itself, and not the details of a medical condition, that are at issue.

## CONCLUSION

For the foregoing reasons, Plaintiff S.O. respectfully requests that the Court grant her Motion for Leave to Proceed Anonymously.

Dated:  February 21, 2023
        New York, New York                     Respectfully submitted,

                                               FRESHFIELDS BRUCKHAUS
                                               DERINGER US LLP

                                               /s/ Mary Eaton
                                               Mary Eaton
                                               Umer Ali
                                               Maria Slobodchikova
                                               601 Lexington Avenue, 31st Floor
                                               New York, New York 10022
                                               tel. (212) 277-4000
                                               e-mail: mary.eaton@freshfields.com
                                               umer.ali@freshfields.com
                                               maria.slobodchikova@freshfields.com


                                               THE LEGAL AID SOCIETY

                                               Judith Goldiner
                                               Edward Josephson
                                               Alex MacDougall

Civil Law Reform Unit
199 Water Street, 3rd Floor
New York, New York 10038
tel. (212) 577-3300
e-mail: JGoldiner@legal-aid.org
ejosephson@legal-aid.org
amacdougall@legal-aid.org

Susan Welber
Government Benefits Unit
Bronx Neighborhood Office – Civil Practice
260 East 161st Street, 8th Floor
Bronx, New York 10451
e-mail: sewelber@legal-aid.org

*Attorneys for Plaintiff S.O.*

Application GRANTED without prejudice to Defendants' right to object to Plaintiff's request once they have appeared. The Clerk of Court is respectfully directed to close the open motion at Dkt. 5.

SO ORDERED.

*[signature]* 02/23/2023

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

8