**FRESHFIELDS**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/19/2024

**MARY EATON**
3 World Trade Center
175 Greenwich Street
New York, NY  10007

Tel +1 (212) 508-8821
mary.eaton@freshfields.com

**VIA ECF**

December 18, 2024

Honorable Valerie E. Caproni
United States District Judge
United States District Court for the Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED**

Re:   *Chen et al. v. Vilsack et al.*, 23-cv-1440 (VEC)

Dear Judge Caproni:

The undersigned counsel represent plaintiffs Haiyan Chen, Kenya Watson, Gertrude Cribbs, Hana Broome, S.O., and Mei Ieng Lee (together, "Plaintiffs") in the above-captioned action.  In accordance with Rule 5(B)(ii) of Your Honor's Individual Rules of Practice in Civil Cases, we write to request leave to file certain documents submitted in support of Plaintiffs' Motion for Summary Judgment under seal.  *See* Exhibit BB to Declaration of Maria Slobodchikova in Support of Plaintiffs' Motion for Summary Judgment.  Defendants agree the documents are confidential and consent to Plaintiffs' sealing request.

The documents in question were provided by the New York State Office of Temporary and Disability Assistance ("OTDA") and reflect data residing on its Specialized Fraud and Abuse Reporting System ("SFARS"), a database that houses all electronic benefit transfer ("EBT") transactions for New York State recipients of SNAP benefits and approved SNAP retailers.  In particular, the documents show the issuance and use of SNAP benefits by each Plaintiff (the "Records") and include confidential information reflecting their EBT card numbers, amounts of public assistance they receive, names and addresses of retailers where they have used their cards, purchase amounts and account balances, and transaction dates and times.

Plaintiffs respectfully submit that sealing the OTDA Records is appropriate here for at least the following two reasons.

*First*, sealing the OTDA Records is consistent with both federal and state laws that require that the information they reflect be kept confidential.  Under federal law, information obtained from SNAP households may only be disclosed to certain categories of individuals, including persons directly involved in the implementation of the SNAP program, certain employees of the U.S. government, and law enforcement, among others.  *See* 7 U.S.C. § 2020(e)(8); 7 C.F.R. § 272.1(c)(1)(i)-(vii).  Persons receiving information related to SNAP households "must adequately protect the information against unauthorized disclosure." 7 C.F.R. § 272.1(c)(2).  Federal regulations also prohibit the unauthorized disclosure of information

**FRESHFIELDS**

2|4

obtained from retailers and prescribe penalties for the unauthorized disclosure of this information.  *See* 7 C.F.R. § 278.1(q).  Similar rules exist to protect information obtained from SNAP households under New York State law.  *See* N.Y. Soc. Serv. Law § 136; 18 N.Y.C.R.R. §§ 357.1-357.6, 387.2(j).  Citing these provisions, OTDA agreed to provide the Records to Plaintiffs' counsel on the condition that they be "kept confidential to the greatest extent possible."  Exhibit 1 in Support of the Letter Motion to Seal Exhibit BB to the Declaration of Maria Slobodchikova.

*Second,* sealing the OTDA Records is necessary to adequately protect Plaintiffs' privacy interests.  Notwithstanding the presumption of access,[1] courts have long recognized that sealing personal or financial information may be necessary to protect the "privacy interests" of parties and non-parties alike.  *See, e.g.*, *Sec. & Exch. Comm'n v. Ripple Labs, Inc.*, 2023 WL 3477552, at *7 (S.D.N.Y. May 16, 2023) (holding that "personal and financial information implicates privacy interests that overcome the presumption of public access"); *Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.*, 487 F. Supp. 2d 374, 377 (S.D.N.Y. 2007) (allowing defendant to file copies of two bank checks "which would reveal specific details of the manner in which [defendant] conducts his personal banking activities" under seal).[2]  Indeed, courts have granted requests to seal documents containing "personally identifying information relating to SNAP households" and "store transaction data of non-party SNAP authorized stores."  *Abraham, Inc. v. United States*, 2020 WL 8816135, at *1 (S.D. Ohio Dec. 1, 2020); *see also Three Bros. Supermarket Inc. v. United States*, 2020 WL 5749942, at *2 (E.D. Pa. Sept. 25, 2020) (granting motion to seal documents containing identifying information of SNAP retailers and recipients).  Here too, releasing the personal and financial information reflected in the OTDA Records would needlessly intrude on Plaintiffs' privacy interests and potentially expose them to the risk of fraud and threaten their safety.[3]

Plaintiffs also respectfully submit that the OTDA Records should be sealed in their entirety.  The Records are replete with personal and financial information protected under law

---

[1] *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006).

[2] *Accord Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 2023 WL 2674742, at *1 (S.D.N.Y. Mar. 29, 2023) (granting motion to seal where documents showed "the names, loan numbers, lending account numbers, and, in some cases, the personal addresses or places of employment of individuals, who are not party to this litigation"); *Johnson v. Esports Ent. Grp., Inc.*, 2023 WL 6035668, at *2 (S.D.N.Y. Sept. 14, 2023) (granting motion to seal document "containing both Defendant's and a non-party's private financial dealings and business information that were not publicly disclosed"); *Nielson Consumer LLC v. Circana Grp., L.P.*, 2024 WL 3887152, at *3 (S.D.N.Y. Aug. 20, 2024) (granting motion to seal documents containing commercially sensitive information and confidential banking information).

[3] These arguments apply with even more force to Plaintiff S.O., who is a survivor of domestic abuse and lives in a domestic violence shelter.  Disclosure of her typical grocery shopping patterns and addresses of the retailers she frequents may endanger her safety.  The Court has already granted S.O.'s request to proceed anonymously, and permission to file her records under seal would be consistent with this order.  *See* Order, dated February 23, 2023 (ECF No. 17).

**FRESHFIELDS**

3|4

and intermingled with other information implicating Plaintiffs' and retailers' privacy interests. If redacted, the remaining portions of the Records will not reflect any meaningful information and will contain only the headings and system codes from the SFARS system. This remaining information has minimal relevance to the Court's decision on Plaintiffs' motion for summary judgment, which weighs against the presumption of public access to it. *See United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995) ("[T]he weight to be given [to] the presumption of access must be governed by the role of the material at issue . . . and the resultant value of such information to those monitoring the federal courts.").

We thank the Court for its consideration of and attention to this matter and stand ready to discuss these issues at the Court's convenience.

Respectfully submitted,

FRESHFIELDS US LLP

By: */s/ Mary Eaton*
Mary Eaton
Maria Slobodchikova
Grace Brody
3 World Trade Center
175 Greenwich St., 51st Floor
New York, New York 10007
Telephone: (212) 277-4000
mary.eaton@freshfields.com
maria.slobodchikova@freshfields.com
grace.brody@freshfields.com

Zachary Simon
700 13th St, NW, 10th Floor
Washington, DC 20005
Telephone: (202) 777-4500
zachary.simon@freshfields.com

THE LEGAL AID SOCIETY

Judith Goldiner
Edward Josephson
Alex MacDougall
Civil Law Reform Unit
49 Thomas Street
New York, New York 10013

**FRESHFIELDS**

4|4

Telephone: (212) 298-5221
jgolidiner@legal-aid.org
ejosephson@legal-aid.org
amacdougall@legal-aid.org

Susan Welber
Government Benefits Unit
Bronx Neighborhood Office – Civil Practice
260 East 161st Street, 8th Floor
Bronx, New York 10451
Telephone: (929) 228-4539
sewelber@legal-aid.org

*Attorneys for Plaintiffs*

cc: All Counsel of Record (by ECF)

---

Application GRANTED. The Court concludes that Exhibit BB is a "judicial document," and therefore the common law presumption of access attaches. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). The Court further determines that the weight of that presumption is not especially strong, as, based on a review of Plaintiffs' moving papers, Exhibit BB is cited to support Plaintiffs' assertions that certain SNAP benefits were stolen from them. *See id.* Although reviewing such factual allegations is necessary to reach Plaintiffs' claim that Defendants acted arbitrarily, capriciously, or otherwise not in accordance with law in failing to replace those stolen SNAP benefits, evidence that SNAP benefits were stolen is not central to the Court's adjudication of Plaintiffs' APA claim. *See id.* The statutory restrictions on disclosure of the information in Exhibit BB and Plaintiffs' privacy interests outweigh the presumption of access to Exhibit BB. *See id.* at 120.

SO ORDERED.

*[Signature: Valerie Caproni]*   12/19/2024

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE